UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

Serwa Sadler,

    Plaintiff,

-v-

Jon Barry & Associates d/b/a Paragon Revenue Group,

    Defendant.

**COMPLAINT**

**TRIAL BY JURY DEMANDED**

The Plaintiff, complaining of the acts of the Defendant, says and alleges:

1. Plaintiff, Serwa Sadler, hereby files this complaint, individually against Defendant, Jon Barry & Associates, Inc. a/k/a Paragon Group of its violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq.*

## PARTIES

2. Serwa Sadler("Plaintiff"') is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq ("FCRA") at §1681a(c) AND 15 U.S.C. 1692a(3).

3. Defendant, Jon Barry and Associates ("Paragon") is a "debt collector" as defined by 15 U.S.C. § 1692a(6) a "furnisher of information" as defined by 15 U.S.C. § 1681s-2(a) & (b), that regularly and in the ordinary course of its business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer; and a "user of information" as defined by 15 U.S.C. § 1681m.

4. Plaintiff resides in Charlotte, North Carolina in Mecklenburg County. The transactions that are the subject of this lawsuit occurred in Charlotte, North Carolina.

5. Defendant, Paragon has a principal place of business located at 216 Le Phillip Court, Concord, North Carolina 28025.

## GENERAL ALLEGATIONS

6. Plaintiff obtained her Experian consumer report and upon examination of a report dated November 10, 2012, Plaintiff found a false and erroneous entry being reported by Defendant of whom she was unfamiliar.

7. TransUnion, Equifax and Experian are consumer reporting agencies as defined by the FCRA, 15 U.S.C. § 1681a(f).

8. In February of 2013, Plaintiff filed a dispute of the validity of the false and negative reporting made by Defendant with Experian credit reporting agency.

9. Upon receiving a new report dated March 16, 2013 Plaintiff discovered that the negative and erroneous reporting was still showing on her Experian consumer report.

10. In August of 2013, Plaintiff obtained her Equifax consumer report and upon examination of it, Plaintiff noticed Defendant was reporting the same false and erroneous entry that was being reported on her Experian consumer report.

11. In September of 2013, Plaintiff immediately filed a dispute with Equifax to investigate the negative and erroneous reporting.

12. After receiving an updated Equifax report in October of 2013 and despite the dispute, Defendant incorrectly verified the negative reporting and it remained on Plaintiff's Equifax consumer report.

13. Plaintiff immediately filed a dispute with Equifax as she has continued to do even at present as Defendant continues to report the negative item.

14. In September of 2013 Plaintiff obtained her Transunion consumer report and upon examination of it, Plaintiff found a false and erroneous entry being reported by Defendant.

15. Plaintiff immediately filed a dispute with Transunion credit reporting agency.

16. In October of 2013, upon receiving a new Transunion report Plaintiff discovered that the negative and erroneous reporting had been removed.

17. Plaintiff has never had any business relationship of any kind with Defendant and had never been contacted by Defendant for any reason.

18. The false information continues to be furnished by Defendant on Plaintiff's Equifax consumer reports.

19. Defendant has continued to report false and erroneous information onto Plaintiff's consumer credit reports after formal dispute for a period of 24 months collectively between the three CRA's which they knew or should have known to be incorrect based on Plaintiff's disputes.

20. As a result of Defendant's willful violations Plaintiff has suffered and continues to suffer significant damages including, the denial of a home loan in November of 2014 and an inability to obtain a credit card in January of 2014, for which she was also denied.

21. Plaintiff is not in receipt of any documentation from Defendant that expresses how she owes anything to Defendant or any entity affiliated with Defendant that would demonstrate why they are reporting on her consumer reports.

22. Pending discovery, Plaintiff will report her findings of the newly disputed information from her Equifax consumer report.

23. The false information was and continues to be furnished by Defendant onto Plaintiff's Equifax even after sending documentation of identity theft to Equifax.

## COUNT I – FAIR CREDIT REPORTING ACT

24. Paragraphs 1 through 23 are re-alleged as though fully set forth herein.

25. Plaintiff is a consumer within the meaning of the FCRA, 15 § 1681a(c).

26. TransUnion, Equifax and Experian are credit reporting agencies within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

27. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

28. Discovery of violations brought forth herein occurred from March of 2013 to present and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

29. Defendant failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful, and wrongly verified the inaccurate information.

30. As a result of Defendant's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer significant damages.

31. Defendant was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Plaintiff through one or more credit reporting agencies by completing an inquiry into the facts underlying entries and providing accurate information to the credit reporting agencies regarding those entries.

32. In the event that Defendant was unable to verify the information which they had reported, Defendant was required to advise the credit reporting agencies of this fact.

33. Following the reinvestigation, Defendant still reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

34. To date Defendant has unlawfully caused there to be 46 separate violations of 15 U.S.C. § 1681s-2(b) to the best of Plaintiff's knowledge. Further violations may be identified during the discovery process.

35. Plaintiff, by filing disputes with the CRA's in February of 2013 and again in May of 2015 has invoked her private right of action to assert claims against Defendant arising under 15 U.S.C. § 1681s-2(b).

36. Defendant was required to conduct a reinvestigation into the account listed on Plaintiff's consumer reports pursuant to 15 U.S.C. § 1681i.

37. Defendant willfully refused to properly reinvestigate the inaccuracies in Plaintiff's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

38. Defendant failed to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports.

39. Defendant willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Plaintiff's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

40. In the alternative, Defendant negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 1681o.

41. In the alternative, Defendant negligently failed to conduct a proper reinvestigation of Plaintiff's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 1681o.

42. Due to Defendant's acts, Plaintiff has suffered damages resulting in anger, frustration, anxiety, humiliation, embarrassment and decreased credit worthiness.

43. The humiliation, frustration, embarrassment, and anxiety of being violated and denied credit were proximate causes of Defendant's actions.

44. The anger stems from a diminished creditworthiness and the inability of Plaintiff to acquire the credit she needs.

45. Plaintiff has suffered damages as a result of these violations of the FCRA.

WHEREFORE, Plaintiff demands judgment against Defendant for injunctive relief and damages in an amount deemed at time of trial to be just, fair, and appropriate.

### DEMAND FOR JUDGMENT AND RELIEF

Accordingly, Plaintiff requests:
a. Statutory and actual damages for each violation spanning 26 months;
b. Deletion of all accounts being wrongfully reported to all credit bureaus by Defendant;
c. Statutory costs and attorney fees;

d. Injunctive relief, including, but not limited to, cessation of reporting of negative accounts, deletion of the negative accounts listed by Defendant;

e. Compensatory and punitive damages;

f. Damages for loss of creditworthin9iess and happiness, humiliation, anxiety, anger and embarrassment;

g. Any other relief which this Court deems appropriate.

Respectfully submitted,

*[signature]*
Serwa Sadler